**SINCLAIR et, Plaintiffs-Appellants, v. LAKEWOOD (City) et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24522.   Decided June 12, 1958.

196

Van Aken, Whiting, Arnold & Nash, Du Laurence & Du Laurence, Bulkley, Butler, Rini & Schweid, for plaintiffs-appellants.

George E. Fedor, for defendants-appellees.

John T. Corrigan, Pros. Atty., Saul S. Danaceau, Asst. Pros. Atty., for Board of Elections, Cuyahoga County.

## OPINION

By SKEEL, PJ.

This appeal comes to this court from a judgment in favor of all defendants entered by the Court of Common Pleas of Cuyahoga County after the plaintiffs refused to plead further when a demurrer to plaintiffs' petition had been sustained by the court on the ground that the petition did not state a cause of action.

The action is one seeking to enjoin the City of Lakewood and the Board of Elections of the County of Cuyahoga from presenting to the electors of the city a proposed amendment to its charter authorizing the Council by ordinance, without a vote of the people, to levy a tax on the taxable property of Lakewood in addition to all taxes authorized by the charter and the ten mill limitation of the Constitution. The proceeds of the tax are to be used to provide needed monies for the relief and pension funds for members of the police and fire departments of said city.

The allegations of the petition state that the City of Lakewood is a charter city under the provisions of the Constitution and Laws of Ohio; that the City Council of Lakewood, by ordinance, and under the authority of and as required by the laws of this state, has created and now maintains separate firemen and police relief and pension funds. On February 3, 1958, an emergency ordinance was passed by the Council which was approved by the Mayor on February 4, 1958, authorizing the submission of a proposed amendment to its charter to the voters of the city. The proposed amendment is set out in the petition which, in brief, is to authorize the City Council, without a vote of the people, to levy annually beyond the constitutional limitations of ten mills and other tax authority limitations contained in the charter of the City of

Lakewood, a tax by ordinance of the Council of not more than .5 mill on all the taxable property of the city to provide necessary funds, if needed, for the payment of benefits and pensions to firemen and their dependents as provided by law. A like provision is contained therein to provide funds, if needed, for the police relief and pension fund.

It is further alleged that tax levies made outside the ten mill limitation must be submitted to the voters at a November Election and cannot be authorized to extend beyond a period of five years and must contain a statement of the specific purpose for which the proceeds of the levy are to be used and that the ordinance here involved, seeking to amend the charter of the City of Lakewood, violates each of these requirements. It is also alleged that denominating the proposed levy as an amendment to the Charter of the City does not permit the city to circumvent statutory requirements in presenting the question of authority to assess a levy exceeding the ten mill limitation to the voters. It is also alleged that the statutes directing the creation of firemen and police pension funds provide the manner in which they are to be financed and that the proposed charter amendment contravenes such statutory provisions. It is alleged that public funds will be illegally expended in presenting the charter amendment whereby the taxpayers will suffer an irreparable loss unless the defendants are enjoined from proceeding.

It should be noted that since the argument of this case on the merits, the election has been held and the voters of Lakewood voted in favor of the amendment by a vote of about three to one. We are proceeding, however, on the theory that the status of the case is as of the date of the notice of appeal and the question of the sufficiency of the allegations of the petition to state a cause of action is still before us and is not affected by the favorable vote of the people on the amendment.

There is no question here but that all procedural steps, as required by law, and the City Charter of Lakewood, were taken to present a proposed amendment of the charter to the voters of the City of Lakewood. The questions of law presented by the appellant are as follows:

1. May a charter city accomplish under the guise of a charter amendment something which it is specifically prohibited from doing by statute?

2. Do the provisions of §§741.09 and 741.40 R. C., constitute the exclusive method for financing police and fire pension funds?

3. Is it proper to provide in a charter amendment that council must levy a certain rate of tax or portion thereof in perpetuity?

There can be no question but that the legislature has spelled out a way to finance relief and pension funds for firemen and policemen beyond the funds assessed against members and to be assessed as taxes and other income in **Chapter 741 R. C.** **Sec. 741.09 R. C.**, in part, provides:

"If at any time the moneys to the credit of the fund are not sufficient to meet current relief and pension payments, the legislative authority of the municipal corporation may appropriate, from the general fund of the municipal corporation to the firemen's relief and pension fund, sufficient money to meet such payments."

Sec. 741.40 R. C., contains a like provision for the police relief and pension fund. It should be noted, however, that under these sections of the Revised Code the right of the City Council to finance firemen and policemen relief and pension funds, in part, and when found necessary, out of the general funds of the city is permissive and not mandatory. A member of the fund could not require the Council by action to appropriate money out of the general funds of the city to enable the trustees of the funds to meet their monthly obligations. Such an action would necessarily attempt to control the exercise of the Council's discretion and for that reason would fail. While the state law requires a municipal corporation to organize, finance and administer firemen and police relief and pension funds, the collection of the funds necessary to meet the obligations thereof is a local matter, the same as is true of the organization and number of members to be employed by such departments and the compensation to be paid to such personnel. If, therefore, there are other avenues constitutionally provided for to accomplish the purpose intended, the legislative branch of the government of the City of Lakewood is free to make such choice as it deems desirable.

**Art. XVIII, Ohio Constitution,** provides for home rule by Municipal Corporations through the adoption of a Charter. **Sec. 7** of **Art. XVIII** provides:

"Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of section 3 of this article, exercise thereunder all powers of local self-government."

Section 3 of the same article is as follows:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The power to amend the charter of a city as provided in **Section 9, Art. XVIII, Ohio Constitution,** is as follows:

"Amendments to any charter framed and adopted as herein provided may be submitted to the electors of a municipality by a two-thirds vote of the legislative authority thereof, and, upon petitions signed by ten per centum of the electors of the municipality setting forth any such proposed amendment, shall be submitted by such legislative authority. The submission of proposed amendments to the electors shall be governed by the requirements of section 8 as to the submission of the question of choosing a charter commission; * * *"

That part of Section 8, referred to in Section 9, reads:

"* * * The ordinance providing for the submission of such question shall require that it be submitted to the electors at the next regular municipal election if one shall occur not less than sixty nor more than one hundred and twenty days after its passage; otherwise it shall provide for the submission of the question at a special election to be called and held within the time aforesaid * * *"

The right of a city to be governed, in financing its local affairs, by the provisions of a charter and amendments thereto and the manner of the adoption and amendment to a charter is here clearly set out. The

point to be stressed is the amendment to a charter does not have to be voted on at the regular November Election.

The power to levy taxes and the limitations circumscribing such power is contained in **Article XII, Section 2, Ohio Constitution,** providing, in part, as follows:

"No property, taxed according to value, shall be so taxed in excess of one per cent of its true value in money for all state and local purposes, but laws may be passed authorizing additional taxes to be levied outside of such limitation, either when approved by at least a majority of the electors of the taxing district voting on such proposition, **or when provided for by the charter of a municipal corporation.** * * *" (Emphasis added.)

The power of the legislative branch of a municipal corporation, by enacting proper legislation, directing a tax levy for the current expenses of the corporation within the limits of its charter authorizing such action (but in excess of the ten mill limitation) without a vote of the people, comes clearly within the foregoing section of the Constitution. The City of Lakewood has used this method of financing its municipal activities since the enactment of Sec. 29 of Art. 14 of the present charter. This section provides:

"Taxes may be levied without a vote of the people for the current operating expenses of the City during the year 1949 and each calendar year thereafter upon the tax duplicates for the year 1948 and each calendar year thereafter, but no such tax shall be levied at a rate exceeding by more than five and two tenths (5.2) mills, the rate for such purposes within the constitutional limitation allocated to the City on the 1938 tax duplicate. Except as above stated, all power to tax shall be as defined and limited by the Constitution and Statutes of the State of Ohio."

The amendment here being considered does not provide authority for assessing a tax levy against the taxable property of the citizens of Lakewood. Councilmanic action is regarded as a necessary prerequisite. Its provisions require the exercise of the discretion of the City Council of Lakewood in determining what, if any, amount is needed to meet the lawful claims of members of the safety department and their dependents followed by the proper passage of an ordinance or resolution directing the levy of a tax "in the manner provided for the making of other municipal levies; * * *." We hold that the proposal here being considered was, in fact, one to amend the Charter of the City of Lakewood and not an attempt to present to the voters a tax levy for municipal purposes and as such, met all the requirements of the Constitution as to subject matter and in the manner of its presentation to the voters.

Some claim is made that the provisions of §5705.18 R. C., require that the presentation of the question here to be determined by the voters must be presented at a November Election. That part of the section relied on is as follows:

"Secs. 5705.02 and 5705.32 **R. C.,** do not apply to the tax levies of any municipal corporation which, by its charter or amendment thereto, provides for a limitation of the total tax rate which may be levied with-

out a vote of the people for all the purposes of the municipal corporation, or for the current operating expenses thereof. Said charter or charter amendment may also provide for the levying of taxes by said legislative authority in excess of said charter limitation upon approval by the majority of the electors of said municipal corporation voting thereon at a November election."

This section provided for submitting a tax assessment that exceeds the charter limitations to the voters for approval. Such question must be submitted at a November Election. No such restriction can be imposed when the question presented for the adoption of the voters is a charter amendment. The procedure in the latter case is controlled by Art. XVIII, Sec. 8 and 9, Ohio Constitution.

We must conclude that the ruling of the trial court on the defendants' demurrer to the plaintiffs' petition was according to law and the judgment for the defendants is, therefore, affirmed.

HURD and KOVACHY, JJ, concur.